RECEIVED
USDC CLERK, CHARLESTON, SC
2017 SEP 25 AM 9:51

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson L Bruce ) | |
| Plaintiff, ) | CASE NO.: 2:17-CV-02170-RMG-MGB |
| ) | DIVISION: CHARLESTON |
| vs. ) | |
| ) | **AMENDED COMPLAINT** |
| ) | JURY TRIAL DEMAND |
| Pentagon Federal Credit Union ) | PETITION FOR DECLARATORY, |
| (A.K.A. PenFed Credit Union), ect. all ) | JUDGMENT INJUNCTIVE RELIEF, |
| Defendants. ) | MONETARY DAMAGES DEMAND |
| ) | FOR BREACH OF AGREEMENT, FAIR |
| ) | DEBT COLLECTION PRACTICES ACT |
| ) | CLAIM |

**PLAINTIFF AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL**

Plaintiff, Nelson L Bruce a natural man of the age of majority, asserts his rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues of fact, in accordance with Federal Rule of Civil Procedure 38(a).

**VERIFIED PETITION**

**INTRODUCTION; JURISDICTION AND VENUE**

1. This is an action for Declaratory and other relief.

2. This court has jurisdiction under 28 U.S. Code § 1331, 28 U.S. Code § 1391, the South Carolina Declaratory Judgments Act, section 15-53-20, Federal Rules of Civil Procedure Rule 57, South Carolina Statutes, the U.S. Constitution and the State of South Carolina Constitution. Defendants maintain their main offices in another state and do business within this state. Plaintiff is a resident of Dorchester County, SC and has resided in Dorchester County for a period in excess of 8 years.

3. This civil action arises under TILA, SC Code §15-3-230, SC Code §16-13-10, SC Code §32-3-10, 32-3-20, Fair Debt Collection Practice Act Claim (FDCPA), Violation Debt Validation Demand as an original action in the 4th United States District Court for the District of South Carolina. Wherein plaintiff moves the court for Injunctive relief, Declaratory Judgment and Monetary Damages for breach of the Tacit Agreement, pursuant to Federal Rules of Civil Procedure Rule 8 because of newly discovered evidence of Fraud on the part of the Defendant.

4. The Defendants intends to Harass the Plaintiff and Deprive him of his rights to property through Repossession and the Sale of Plaintiff's car without providing valid verifiable proof

that they are the holders in due course of the Unauthorized Altered "Original Note" (not a copy of a copy of the "Note") baring the Plaintiffs "wet ink" signature. The plaintiff moves the court for a Temporary Restraining Order pursuant to S.C. Code § 16-3-1770 and Federal Rules of Civil Procedure 65 in that the Repossession and/or Sale of Plaintiff's property will cause irreparable injury and damage to plaintiff. The complaint alleges violations of law by fraudulent practices of Defendants, denying plaintiff a fair trial to bring forth verifiable proof that the defendant is still the holder in due course of the Altered "Original Note" Signed by the Plaintiff, and the validity of the alleged loan, account payable and receivable ledgers and how the funds were originated to fund the purchase of the car from the seller.

5. All of the claims derive from a common nucleus of operative fact. All of the events alleged herein- transpired in Dorchester County, South Carolina.

## PARTIES

6. Plaintiff is a man and is the owner of title for the property known as a 2010 7-series BMW.

7. Plaintiff is self-employed.

8. Defendants are doing business in banking under the name of PENTAGON FEDERAL CREDIT UNION (F.K.A. PenFed Credit Union). These defendants are doing business in the State of South Carolina and are served at their offices P.O. Box 1432, Alexandria, VA 22313-2032

## FACTS

9. The defendant bank advertised they loan money.

10. Plaintiff applied for a loan of money.

11. Defendant refused to loan plaintiff legal tender or other depositors' money to fund the alleged bank loan cheque.

12. The defendant misrepresented to the plaintiff the elements of the alleged agreement.

13. There is no bona fide signature on the alleged promissory note.

14. The copy of the promissory note is a forgery and has been altered.

15. The alleged original promissory note could not be produced by defendant with plaintiff's name and signature on it, said copy purports to obligate plaintiff to pay ( i.e. Thirty-Three Thousand Four Hundred Seventy-Eight Dollars $ 33,478.00) plus interest, giving it value today of ( $ 37,222.71) if it were sold to investors.

16. The defendant is referencing the altered forged promissory note as a loan from plaintiff to the bank.

17. The defendant used this loan to fund the alleged bank loan cheque, back to plaintiff.

18. The defendant at no time loaned plaintiff legal tender or other 'depositors' money in the amount of ($33,478.00) or repay the unauthorized loan recorded from plaintiff to the bank.

19. The defendant changed the cost and the risk of the alleged loan.

20. At all times the defendant operated without plaintiff's knowledge, permission, authorization, or agreement.

21. The defendant bank refused to disclose material facts of the alleged agreement, refusing to tell plaintiff if the agreement was for plaintiff to fund the alleged bank loan cheque or if the defendant was to use the bank's legal tender or other "depositors" money to fund the bank loan cheque. (EXHIBIT A)

22. The defendant refused to disclose whether the cheque was the consideration loaned for the alleged promissory note.

23. The defendant refuses to disclose and properly answer any of the Plaintiffs requests for discovery and full disclosure presentments in the form of an affidavit to validate the validity of the alleged loan and alleged Original Note/Security Agreement to Plaintiff.

24. Defendant has violated the Plaintiffs rights of due process by not validating and verifying that there is a lawful debt owed to them.

25. Defendant failed and refuses to properly respond to and / properly rebut the Plaintiffs Presentment (Affidavit/Debt Validation) for which they have defaulted on and therefore acquiescence to the agreement by their silence. (EXHIBIT B)

26. The Defendant violated the Fair Debt Collection Practices Act which protects the consumer and says that once a dispute has been initiated, that the party making the claim of debt must suspend all debt collection activities until the debt has been validated, which would include reporting such to the credit reporting bureaus, this was not done.

27. The Defendant was asked to cease any and all communication attempts via telephone, and ignored that request on more than 6 occasions. The law provides for a penalty for each time a debt collector has violated the fair debt collections practices act communications clause as well as their failure to provide the information required by law i.e. validation, and I bring forth my claim within the body of this matter.

## CONSPIRACY CLAIM:

28. According to THE GOLD REPEAL ACT (otherwise known as the ACT OF JUNE 5 AND 6 1993), it is a violation of public policy for:

> a) Whereas the existing emergency has disclosed that <u>provisions of obligations which purport to give the obligee a right to require payment...</u> in an amount in money of the United States...<u>every provision made with</u>

<u>respect to **any obligation** which purports to give the **obligee a right to require payments**...in an amount in money of the United States...*IS DECLARED TO BE AGAINST PUBLIC POLICY*, and no such provisions shall be contained in or made with respect to any obligation hereafter incurred.</u>

29. I bring forth my claim that the Defendant has violated public policy by making such a demand against and upon myself and other consumers, and therefore have no valid claim as their claim violates **PUBLIC POLICY**.

## CAUSE OF ACTION

- PLAINTIFF, Nelson L Bruce does show:

- Plaintiff re-alleges and incorporates by reference all prior allegations.

- Plaintiff alleges that the defendant created a contract, which was void, in that the lending officer did not have the power under the Bank Charter to loan, the plaintiff credit; the contract was ultra viris. (EXHIBIT A)

- Plaintiff alleges that defendant is in violation of the usury laws in that the defendant did charge interest on credit and not money.

- Plaintiff alleges that defendant through their conduct have defrauded plaintiff and based upon this fraud are in violation of Federal Banking Law 12 USC §24 (7) and subject to SC Code § 34-3-210. Defendants have irreparably damaged the plaintiff by depriving him of his rights to property through repossession for about 3 months and inflicting serious mental and emotional damage to plaintiff.

- Plaintiff alleges that in good faith he continued to make payments in the amount of $601.64 to the Defendant up until about June 17, 2016 – July 12, 2017 of which after reviewing the actual Promissory Note/Security Agreement which is a negotiable instrument which states in the Security Agreement Section that "**You may pay the proceeds of this "NOTE" directly to the seller of the collateral or jointly to me and the seller**." Plaintiff alleges that with this statement, once he signed the Original Note under U.C.C. 3-402(b) "No Protest" for which the Defendant accepted, he is no longer liable for any payments and that the Defendant has already been paid by the acceptance of the "Original Note/Security Agreement" for which they received credit for (i.e. lawful money) but have not credited the borrowers account and returned the Plaintiffs title with the release of any alleged liens as requested by Plaintiff.

- Plaintiff requested verification and validation of the alleged debt around September 17, 2016 as a presentment in the form of an "Affidavit of Fact – Writ in the Nature of Discovery & Disclosure Request/ Demand Under Rule of Law" to the Defendant requesting pertinent information Accounting and documents which will prove that the

Defendant has already been paid plus it will bring forth the track record/registration of the Security which is the "Note" for which the Plaintiff gave the Defendant a total of 43 days to respond but the Defendant refuses to respond properly with the Plaintiff during his administrative process to validate and verify the alleged debt and the Defendant would only send an altered copy of a "Note" not in the format requested in the presentment of which Bernadette Clair the Staff Attorney for the Defendant improperly rebutted because her rebuttal doesn't explain the reasons or provides evidence for the Defendants rebuttal which was received October 12, 2016 which is why the Plaintiff continued to put PenFed Credit Union in "Default in Dishonor" for violating his due process rights through an administrative process as of November 8, 2017 and in breach of Plaintiffs requests which has terms and conditions as agreed for damages of $500,000 which is the amount requested for this complaint for which they have acquiescence to. [Exhibit E]

- Plaintiff alleges that he has a right to property and that the Defendant may have deposited the Original Note in return for money and the Defendant "only" has in their possession a copy of an "Altered Note" and they are still trying to extort money from the Defendant even after they have been paid the par value of the note already.  See the following:

    **Senate Document No. 43, 73rd Congress, 1st Session,** which states: *"The ownership of all property is in the state; individual so-called 'ownership' is only by virtue of the government, i.e., law, amounting to mere user; and use must be in accordance with law and subordinate to the necessities of the state."*
    and…..
    ***Congressional Record, March 9, 1933 on HR 1491 p. 83.*** *"Under the new law the money is issued to the banks in return for government obligations, bills of exchange, drafts, notes, trade acceptances, and bankers acceptances. **The money will be worth 100 cents on the dollar, because it is backed by the credit of the nation. It will represent a mortgage on all the homes, and other property of all the people of the nation."***

    (This could only equate to the fact that the Federal Reserve, the Federal Reserve Board and their National Association institutions have been making false claims against the property of all the people of the nation, and the nation itself, placing falsified, misleading, erroneous, and frivolous documents on the public record in violation of both state and national statutes, and is incorporated with all the other claims associated within this presentment and other presentments associated directly and/or indirectly.)

## PRAYER AND MONETARY DAMAGE CLAIM

May the God of creation intervene in the hearts of men that truth may prevail over deception that law may prevail over lawlessness.  May God move the heart of the Presiding Judge of this Court to:

1. Grant injunctive relief.
2. Declaratory judgment instructing the Plaintiff of his rights under the law, or instructing the Plaintiff that his rights which are in question are contrary to his understanding.
3. Impanel a Jury to determine the facts of this case.
4. Grant Plaintiffs request for Monetary Damages which may include Punitive, Compensatory and Statutory Damages in breach of the Tacit Agreement in the amount of $500,000 as agreed in the terms and conditions of the Plaintiffs Presentment, when the Defendant breached the

terms of the Agreement dated September 17, 2016 and dishonored with the entry of a default notice in dishonor of Plaintiffs request dated November 8, 2016 for which the Defendant has acquiescence to. (EXHIBIT B)

And of this he puts himself upon the country.

Respectfully submitted,

"Without Prejudice"

*Nelson L. Bruce   9-25-2017*
Nelson L Bruce, Plaintiff, Authorized Representative
Propria Persona, Sui Juris
"All Rights Explicitly Reserved and Retained"
U.C.C. 1-207/1-308, 1-103.6
Address: c/o 144 Pavilion Street, Summerville, SC 29483
Phone: 843-437-7901

## VERIFICATION OF Nelson L Bruce

I, Nelson L Bruce, declare as follows:

1) I am named as the Plaintiff in the above-entitled matter.

2) I have read the foregoing VERIFIED COMPLAINT, and attached Affidavit, and know the facts therein stated to be true and correct.

I declare, that pursuant to the laws of the United States of America, that the foregoing is accurate to the best of my knowledge and belief.

Executed on September 25, 2017, at Charleston, South Carolina.

"Without Prejudice"

*Nelson L. Bruce   9-25-2017*
Nelson L Bruce, Plaintiff, Authorized Representative
Propria Persona, Sui Juris
"All Rights Explicitly Reserved and Retained"
U.C.C. 1-207/1-308, 1-103.6
Address: c/o 144 Pavilion Street, Summerville, SC 29483
Phone: 843-437-7901

# AFFIDAVIT

STATE OF South Carolina   )
                          )
COUNTY OF Dorchester      )

I, Nelson L Bruce, being domiciled at 144 Pavilion Street, Summerville, South Carolina 29483:

1. Being a Citizen of the State of South Carolina and;
2. Being of the age of Majority, and;
3. Filed the attached Petition for Declaratory Judgment, Injunctive relief, and Monetary Damages in the District Court of South Carolina, says;
4. I do hereby affirm that the allegations contained therein are true and correct to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NOT.

"Without Prejudice"

*Nelson L. Bruce*   9-25-2017
Nelson L Bruce, Plaintiff, Authorized Representative
Propria Persona, Sui Juris
"All Rights Explicitly Reserved and Retained"
U.C.C. 1-207/1-308, 1-103.6
Address: c/o 144 Pavilion Street
Summerville, SC 29483
Phone: 843-437-7901

# NOTORIAL

STATE OF South Carolina   )
                          )
COUNTY OF ~~Dorchester~~ Charleston   )

On this day the 25 of September, 2017, before me personally appeared Nelson L Bruce, being identified by a valid South Carolina State Driver's License did take an oath and states that he has read the Petition for Declaratory, Injunctive and Monetary relief, and that the contents are accurate to the best of his knowledge and belief, and signed the documents before me.

*Theresa M. Doyle*   9/25/17
Notary Public Signature:   Date:

10/4/21
My Commission expires: