# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Nelson L. Bruce, | C/A No. 2:17-CV-2170-BHH-MGB |
| PLAINTIFF, | |
| vs. | **Report and Recommendation** |
| Pentagon Federal Credit Union (A.K.A PenFed Credit Union) ect. [sic] all, | |
| DEFENDANT. | |

The Plaintiff, appearing *pro se*, filed the instant action on August 15, 2017. (Dkt. No. 1.) The Plaintiff filed an Amended Complaint on September 25, 2017. (Dkt. No. 15.) Before the court is Pentagon Federal Credit Union's Motion to Dismiss ("Motion"). (Dkt. No. 37.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. For the reasons stated herein, this court recommends that Pentagon Federal Credit Union's Motion to Dismiss (Dkt. No. 37) be granted.

## Amended Complaint

The Amended Complaint is difficult to follow but contains the following allegations. All of the events contained in the Amended Complaint occurred in Dorchester County, South Carolina. (Dkt. No. 14 at 2.) The Defendant is a bank that advertised loans. (*Id.*) The Plaintiff applied for a loan, but was refused. (*Id.*) The Defendant cannot produce an original promissory note, but has produced a copy, which "purports to obligate" Plaintiff to pay $33,478.00 plus interest for a current value of $37,222.71. (*Id.*) The Defendant "misrepresented" the "elements of

1

the alleged agreement." (*Id*.)  There "is no bona fide signature on the alleged promissory note" and the "copy of the promissory note is a forgery that has been altered." (*Id.*)

The Plaintiff alleges that the Defendant used the forged promissory note to fund "the alleged bank loan cheque" to the Plaintiff. (Dkt. No. 14.)  The Plaintiff alleges that the Defendant "at no time loaned plaintiff legal tender or other 'depositors' money in the amount of ($33, 478.00)…." (*Id.* at 3.)  The Plaintiff, in an apparent contradiction, alleges that the Defendant changed the cost and "the risk" of the loan, "refused to disclose whether the cheque was the consideration loaned for the alleged promissory note," and refused to disclose material facts of the alleged agreement…." (*Id.*)    The Plaintiff alleges that he told the Defendant not to contact him by telephone, but the Defendant continued to call him at least six times. (*Id.*)

The Plaintiff alleges that the contract with the bank to loan him money was void because the lending officer "did not have the power under the Bank Charter to loan…the plaintiff credit." (*Id.* at 4.)  The Plaintiff alleges that the Defendant has deprived him of his property for three months through repossession. (*Id.*)  The Plaintiff alleges that he made "good faith" payments on the promissory note in the amount of $601.64 per month "until about June 12, 2016-July 12, 2017…." (*Id.*) On or about September 17, 2016, the Plaintiff requested "verification and validation" of the alleged debt. (*Id.*)

The Amended Complaint states that it is brought under the Truth in Lending Act of 1968 ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), and South Carolina Code Sections 16-13-10, 32-3-10, and 32-3-20.[1] (Dkt. No. 14 at 1.)  The Plaintiff seeks injunctive relief,

---

[1] In the Plaintiff's Opposition to Defendant's Motion to Dismiss and Plaintiff's Counter Claims, the Plaintiff states that the Amended Complaint contains claims that "not only arise under TILA, but also every law including constitutional laws which are the supreme laws of the land…, acts of congress that are law and everything incorporated in [the] Amended Compliant by reference, statute or code." (Dkt. No. 40 at 12.)  The Plaintiff additionally lists two "counter claims." (*Id.* at

2

declaratory judgment, and monetary damages including punitive, compensatory, and statutory damages. (*Id.* at 5.)

## Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court may consider attachments to the complaint as well. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing Fed.R.Civ.P. 10(c)).

For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)). However, while the court must draw all reasonable inferences

---

12-16.) The court limits its analysis to the Amended Complaint and any claims that may be broadly construed within it. The Plaintiff has not filed a motion to amend or supplement his complaint to add any additional claims in accordance with Rule 15 of the Federal Rules of Civil Procedure. "[I]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Myland Labs., Inc. v Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (citing *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101 (7th Cir. 1984)).

in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, … unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298). "[P]*ro se* complaints…are held to a less stringent standard than those drafted by attorneys, … and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case." *Stout v. Robnett*, 107 F. Supp. 2d 699, 702 (D.S.C. 2000) (internal quotations and citations omitted).

## Analysis

**1. TILA Claim**

The Plaintiff has failed to state a claim under TILA and any attempt to amend the Amended Complaint would be futile because of the statute of limitations. The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumers will be able to compare more readily the various credit terms available ... and avoid the uninformed use of credit...." 15 U.S.C. § 1601(a). "TILA requires that a creditor make certain material disclosures at the time the loan is made." *Gilbert v. Residential Funding LLC*, 678 F.3d 271, 276 (4th Cir. 2012). Claims seeking civil damages under TILA are governed by a one year statute of limitations, and must be brought within one year of the date of the occurrence of the violation. 15 U.S.C. § 1640(e). "[A] claim for damages under [the] TILA ... is subject to a one-year limitations period that begins to run from the date the loan closed." *In re Cmty Bank of N. Va.*, 622 F.3d 275, 303 (3rd Cir. 2010).

The Plaintiff simultaneously alleges in the Amended Complaint that he did not have a loan with the Defendant—"the defendants at no time loaned the plaintiff legal tender…"—and that he did have a loan with the Defendant but the Defendants hid material facts—"the defendant bank

4

refused to disclose material facts of the alleged agreement…." (Dkt. No. 14 at 3.)  The Plaintiff alleges that he "in good faith…continued to make payments in the amount of $601.64 to the Defendant up until about June 17, 2016…" and that he requested verification of the debt on September 17, 2016. (Dkt. No. 14. at 4.)

Assuming that the Plaintiff did have some sort of lending agreement with the Defendant, such an agreement existed prior to June 17, 2016 by the Plaintiff's own allegations.  The Plaintiff did not file this suit until August 15, 2017. (Dkt. No. 1.)  Therefore, the Plaintiff did not file his claims under TILA within the one year statute of limitations.  The one year statute of limitations under TILA runs from the time the loan closed. *In re Cmty Bank of N. Va*., 622 F.3d 275, 303 (3rd Cir.2010).  Therefore, the Plaintiff has failed to state a claim under TILA and any amendment by the Plaintiff would be futile.[2]

## 2. FDCPA Claim

The Plaintiff has failed to state a claim under the FDCPA and any attempt to amend the Amended Complaint would be futile because FDCPA claims may not be brought against the Defendant in this case.  The FDCPA, 15 U.S.C. § 1692 *et seq*., was passed by Congress "to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 602 (2010) (quoting 15 U.S.C. § 1692(e)). "[T]he FDCPA purports to regulate only the conduct of debt collectors, not creditors, generally distinguishing between the two based on whether the person acts in an agency relationship with the person to whom the borrower is indebted." *Henson v. Santander Consumer USA, Inc*., 817 F.3d 131, 135 (4th Cir. 2016), *cert. granted*, 137 S. Ct.

---

[2] To the extent the Plaintiff alleges that he did not have any loan with the Defendant, he could not allege any claim under TILA.

5

810, 196 L. Ed. 2d 595 (2017), *and aff'd*, 137 S. Ct. 1718, 198 L. Ed. 2d 177 (2017).  Dismissal is proper under Rule 12(b)(6) where a complaint fails "to allege facts demonstrating that [the defendant] was acting as a 'debt collector, as defined by [the FDCPA], when it was collecting on debts owed by the plaintiff[]." *Id.* at 140.

As noted *supra*, the Plaintiff simultaneously alleges that the Defendant did and did not provide him a loan.  The Plaintiff alleges that he paid monthly payments to the Defendant through June of  2016. (Dkt. No. 14. at 4.)  To the extent the Plaintiff alleges any loan was made, the loan was made by the Defendants to the Plaintiff.   The FDCPA "distinguishes a 'debt collector,' which collects the debts due to another, from a 'creditor,' which seeks to collect on its own debts. *Hardnett v. M&T Bank*, 204 F. Supp. 3d 851, 859–60 (E.D. Va. 2016), *motion for relief from judgment denied*, No. 3:15-cv-622, 2017 WL 5639918 (E.D. Va. Apr. 13, 2017), *and aff'd sub nom*. *Hardnett v. M & T Bank*, 699 F. App'x 242 (4th Cir. 2017), *and aff'd sub nom. Hardnett v. M & T Bank*, 699 F. App'x 242 (4th Cir. 2017). Therefore, as a creditor, the Defendant is not subject to liability under the FDCPA. *Davis v. Dillard Nat'l Bank*, No. 1:02-cv-546, 2003 WL 21297331, at * 4 (M.D.N.C. June 4, 2003) ("Crediting institutions, such as banks, are not debt collectors under [the FDCPA] because they collect their own debts and are in the business of lending money to consumers").  The Plaintiff has failed to state a claim under the FDCPA.  Any amendment by the Plaintiff would be futile as the Plaintiff has alleged that the Defendant was the Plaintiff's creditor for any loan he may have had.

### 3. Remaining State Law Claims

The Amended Complaint fails to allege a claim which falls within this court's original jurisdiction. The court must now determine whether it should exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). "The district courts may decline to

exercise supplemental jurisdiction over a claim under subsection (a) if...(3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C § 1367(c)(3)-(4). As noted by the Fourth Circuit, "once a district court has dismissed the federal claims in an action, it maintains 'wide discretion' to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction." *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 553 n. 4 (4th Cir. 2006) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 353-54 (1988)). When determining whether to exercise supplemental jurisdiction over state law claims, a district court must consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Cohill*, 484 U.S. at 350 n. 7).

The Plaintiff's remaining claims, to the extent any are alleged, are brought exclusively under state law.[3] The Plaintiff has not alleged or argued any federal interest or right that these claims would implicate. There is no harm to the parties if the court declines to exercise jurisdiction over these claims. The undersigned recommends that the Plaintiff's state law claims, to the extent he alleges any, be dismissed without prejudice.

### Conclusion

Wherefore, it is **RECOMMENDED** that Pentagon Federal Credit Union's Motion to Dismiss (Dkt. No. 37) be **GRANTED with prejudice** as to the Plaintiff's TILA and FDCPA claims and **without prejudice** as to the Plaintiff's state law claims.

Signature page attached.

---

[3] The Plaintiff alleges he brings claims pursuant to South Carolina Code Section 16-13-10, a criminal forgery statute, and Sections 32-3-10 and 32-3-20, which relate to agreements that must be in writing under the statute of frauds. (Dkt. No. 14 at 1.)

IT IS SO RECOMMENDED.

July 24, 2018

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).