IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Nelson L. Bruce, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:17-cv-2170-BHH |
| Pentagon Federal Credit Union (A.K.A. PenFed Credit Union) ect. [sic], all, | ) **ORDER** |
| Defendants. | ) |

This matter is before the Court upon Defendant Pentagon Federal Credit Unions's ("Pentagon" or "Defendant") motion to dismiss Plaintiff Nelson L. Bruce's ("Bruce" or "Plaintiff") pro se amended complaint. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On July 24, 2018, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Defendant's motion to dismiss. Attached to the Report was a notice advising the parties of their right to file written objections to the Report within fourteen days of being served with a copy. Following the Magistrate Judge's order, Plaintiff filed objections and a motion for summary judgment on August 9, 2018. In addition, on August 13, 2018, Plaintiff filed a motion for preliminary injunction. Defendant filed responses to Plaintiff's filings, and on August 29, 2018, Plaintiff filed an amended motion for preliminary injunction. Defendant again filed a response in opposition to Plaintiff's motion, and Plaintiff filed two replies. The matters are ripe for review, and for the reasons set forth below, the Court adopts and

incorporates the Magistrate Judge's Report; overrules Plaintiff's objections; and denies Plaintiff's motions for summary judgment and for preliminary injunction.

**BACKGROUND**

As the Magistrate Judge explained in her Report, Plaintiff's amended complaint is difficult to follow, but it includes the following allegations. Plaintiff asserts that he is the owner of a BMW and that Defendant does "business in banking." (ECF No. 14 at 2.) According to Plaintiff, "Defendant bank advertised they loan money," and "Plaintiff applied for a loan of money." (*Id.*) Plaintiff then contends that "Defendant refused to loan Plaintiff legal tender or other depositors' money" and that "Defendant misrepresented [ ] the elements of the alleged agreement." (*Id.*) Plaintiff states that there is not a "bona fide signature on the alleged promissory note," and that the copy of the note is a forgery that "purports to obligate Plaintiff to pay [$33,478.00] plus interest." (*Id.*) Plaintiff states that "Defendant is referencing the altered forged promissory note as a loan from Plaintiff to the bank," but that "Defendant used this loan to fund the alleged bank loan cheque, back to Plaintiff." (*Id.*) Plaintiff further states that "Defendant at no time loaned Plaintiff legal tender or other 'depositors' money" in the amount of $33,478.00 and that Defendant "changed the cost and the risk of the alleged loan." (*Id.* at 3.) Plaintiff contends that Defendant "refused to disclose material facts of the alleged agreement, refusing to tell Plaintiff if the agreement was for Plaintiff to fund the alleged bank loan cheque or if the Defendant was to use the bank's legal tender or other "depositors" [sic] money to fund the bank loan cheque." (*Id.*)

Next, Plaintiff asserts that Defendant has violated the Fair Debt Collection Practices Act ("FDCPA") and that Defendant was asked to cease communication via telephone with

Plaintiff but ignored that request. (*Id.*) Plaintiff also alleges that Defendant created a void contract because "the lending officer did not have the power under the Bank Charter" to loan credit to Plaintiff, and Plaintiff asserts that Defendant violated the usury laws and defrauded him in violation of federal banking laws. (*Id.* at 4.) In contrast to his prior assertion that Defendant refused to loan Plaintiff money, Plaintiff then asserts that he "in good faith continued to make payments in the amount of $601.64 to the Defendant up until about June 17, 2016–July 12, 2017." (*Id.*) Plaintiff claims he requested verification and validation of the alleged debt around September 17, 2016, to prove that Defendant has already been paid, but Defendant refuses to respond properly. (*Id.* at 4-5.) Plaintiff seeks injunctive and declaratory relief as well as monetary damages. (*Id.* at 5-6.)

## STANDARD OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court held in *Bell Atl. Corp. v. Twombly*, the pleading standard set forth in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

In her Report, the Magistrate Judge first analyzed Plaintiff's claim pursuant to the Truth in Lending Act ("TILA") and determined that Plaintiff's complaint fails to state a plausible TILA claim. First, as the Magistrate Judge noted, Plaintiff's amended complaint simultaneously alleges that he did not have a loan with Defendant and that he did have a loan with Defendant. To the extent Plaintiff did not have a loan with Defendant, he could not have a plausible TILA claim. On the other hand, assuming Plaintiff did have a loan with Defendant, he specifically alleges that he "in good faith continued to make payments in the amount of $601.64 to the Defendant up until about June 17, 2016–July 12, 2017." (ECF No. 14 at 4.) As the Magistrate Judge properly noted, it is clear from Plaintiff's own allegations that some sort of lending agreement necessarily existed prior to June 17 of 2016. Importantly, because claims for damages under TILA are governed by a one-year statute of limitations that begins to run from the date the loan closed, and Plaintiff did not file this lawsuit until August of 2017, the Court agrees with the Magistrate Judge that Plaintiff's TILA claim fails and any amendment would be futile.

Plaintiff objects to this conclusion by the Magistrate Judge and asserts that he did not receive certain disclosures until August 19, 2016, rendering this action timely. In addition, he argues that he is entitled to equitable tolling pursuant to the doctrine of fraudulent concealment. As Defendant points out in response to Plaintiff's objections, however, Plaintiff himself asserts that he received a letter concerning the loan on July 17, 2016; indeed, Plaintiff apparently filed a copy of this letter along with his objections. (*See* ECF No. 49-1 at 4-5.) Thus, Plaintiff's argument that the statute of limitations should began to run on August 19, 2016, is without merit. Moreover, the Court agrees with Defendant that Plaintiff has not shown that he is entitled to equitable tolling under the circumstances;

5

the Court also notes that TILA provides a clear limitations period and the discovery rule does not apply. Overall, the Court finds Plaintiff's objections unavailing, and the Court agrees with the Magistrate Judge that Defendant is entitled to dismissal with prejudice of Plaintiff's TILA claim.

Next, the Magistrate Judge evaluated Plaintiff's FDCPA claim and likewise determined that Plaintiff failed to state a claim and that any amendment would be futile because FDCPA claims may not be brought against this Defendant, which by Plaintiff's own allegations was acting as a "creditor" and not a "debt collector." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 135 (4th Cir. 2016), cert. granted, 137 S. Ct. 810, 196 L. Ed. 2d 595 (2017), and aff'd, 137 S. Ct. 1718, 198 L. Ed. 2d 177 (2017) ("[T]he FDCPA purports to regulate only the conduct of debt collectors, not creditors, generally distinguishing between the two based on whether the person acts in an agency relationship with the person to whom the borrower is indebted."); *see also Hardnett v. M&T Bank*, 204 F. Supp. 3d 851, 859-60 (E.D. Va. 2016), motion for relief from judgment denied, No. 3:15-cv-622, 2017 WL 5639918 (E.D. Va. Apr. 13, 2017), and aff'd sub nom. *Hardnett v. M & T Bank*, 699 F. App'x 242 (4th Cir. 2017), and aff'd sub nom. *Hardnett v. M & T Bank*, 699 F. App'x 242 (4th Cir. 2017) (providing that the FDCPA "distinguishes a 'debt collector,' which collects the debts due to another, from a 'creditor,' which seeks to collect on its own debts).

Here again, Plaintiff objects to the Magistrate Judge's conclusion and although it is difficult to discern his arguments, he appears to acknowledge that Defendant is a creditor but asserts that Defendant's use of the mails renders it a debt collector regulated by the FDCPA. The Court finds this argument wholly unavailing as there is no allegation that

Defendant ever used another name while collecting a debt, and the portion of the Federal Trade Commission's website, which Plaintiff cites in support of his argument, provides an exemption for creditors only when the creditor uses another name in the process of collecting its debts, which may indicate that a third party is collecting such debt. That is not the case here, and the Court ultimately agrees with the Magistrate Judge that Defendant is entitled to dismissal with prejudice of Plaintiff's FDCPA claim.

In her Report, the Magistrate Judge next recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, noting that those claims do not implicate any federal right or interest, and that there would be no harm to the parties if the Court declines to hear those claims. Plaintiff objects and asserts that this case involves alleged violations of his constitutional rights and federal banking law. After a thorough review of the matter, however, the Court finds Plaintiff's objections wholly without merit. In all, the Court agrees with the Magistrate Judge that to the extent Plaintiff alleges other claims, they arise under state law, and the Court declines to exercise supplemental jurisdiction over those claims and dismisses them without prejudice.

Lastly, in light of the Court's conclusions, the Court finds that Plaintiff is not entitled to summary judgment and his motions for preliminary and permanent injunctions are without merit. Accordingly, the Court denies those motions.

## **CONCLUSION**

For the foregoing reasons, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 46) and grants Defendant's motion to dismiss (ECF No. 37) with prejudice as to Plaintiff's TILA and FDCPA claims and without prejudice as to Plaintiff's state law claims. Therefore, the Court overrules Plaintiff's objections (ECF No. 49), and the Court

denies Plaintiff's motions for summary judgment and preliminary and permanent injunctions (ECF Nos. 48, 50, and 58).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

September 18, 2018
Charleston, South Carolina